**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br>451 7th Street SW<br>Washington, DC 20410<br><br>*Defendant*. | Case No. 17-2093 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Housing and Urban Development under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Housing and Urban Development (HUD) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. HUD has possession, custody, and control of the records that American Oversight seeks.

**STATEMENT OF FACTS**

7. As described below, American Oversight filed four FOIA requests seeking documents that would shed light on matters of significant public concern regarding HUD's activities and operations, including the agency's official decisions and its policies and procedures regarding its transparency obligations under FOIA.

*Carson Decision Memoranda FOIA*

8. On June 28, 2017, American Oversight submitted a FOIA request ("Carson Decision Memoranda FOIA") to HUD seeking access to the following records:

> All decision memoranda, directives, or policy interpretations or guidance signed, approved, or otherwise adopted by Secretary Carson. This request includes any

document establishing, modifying, clarifying, or rescinding any HUD policy, legal or policy interpretation, or practice, whether presented as a memorandum, letter, guidance document, or in any other form.

The request sought records from March 2, 2017, to the date of the search.

*FOIA Policies FOIA*

9. On July 14, 2017, American Oversight submitted a FOIA request ("FOIA Policies FOIA") to HUD seeking access to the following records:

(1) All emails sent or received by any political appointee or SES staff in the Office of the Secretary, the Office of the Deputy Secretary, the Office of Public Affairs, the Office of Congressional and Intergovernmental Relations, or the Office of Field Policy and Management including the phrase "Freedom of Information Act" or the word "FOIA."

(2) All other communications involving any political appointee or SES staff in the Office of the Secretary, the Office of the Deputy Secretary, the Office of Public Affairs, the Office of Congressional and Intergovernmental Relations, the Office of the General Counsel, or the Office of Field Policy and Management regarding HUD's policies or practices for processing FOIA requests or producing documents in response to FOIA requests. This request includes communications regarding review of existing policies or practices as well as communications regarding adoption of new policies or practices or of changes to existing policies or practices affecting HUD's response to FOIA requests.

The request sought records from March 2, 2017, to the date of the search.

*Fred Trump III FOIA*

10. On July 14, 2017, American Oversight submitted a FOIA request ("Fred Trump III FOIA") to HUD seeking access to the following records:

(1) All communications between (a) Ben Carson, Chief of Staff Sheila Greenwood, Deputy Chief of Staff Deana Bass, Deputy Chief of Staff Hunter Kurtz, any other political appointees or SES staff in the Office of the Secretary, or Lynne Patton, Regional Administrator, Region II and (b) Fred Trump III, any person acting on behalf of Fred Trump III, or any employee, representative, or agent of Colliers International.

(2) All calendar entries for Ben Carson, Chief of Staff Sheila Greenwood, Deputy Chief of Staff Deana Bass, Deputy Chief of Staff Hunter Kurtz, any other political appointees or SES staff in the Office of the Secretary, or Lynne Patton,

Regional Administrator, Region II reflecting (a) meetings attended by Fred Trump III, any person acting on behalf of Fred Trump III, or any employee, representative, or agent of Colliers International, or (b) meeting invitations sent to or received from Fred Trump III, any person acting on behalf of Fred Trump III, or any employee, representative, or agent of Colliers International. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

(3) Any communications involving Ben Carson, Chief of Staff Sheila Greenwood, Deputy Chief of Staff Deana Bass, Deputy Chief of Staff Hunter Kurtz, any other political appointees or SES staff in the Office of the Secretary, or Lynne Patton, Regional Administrator, Region II relating to the application of any ethics statute, rule, regulation, policy, or procedure to communications or meetings with Fred Trump III, any person acting on behalf of Fred Trump III, or any employee, representative, or agent of Colliers International.

The request sought records from March 2, 2017, to the date of the search.

*Ben Carson Jr. FOIA*

11. On August 25, 2017, American Oversight submitted a FOIA request ("Ben Carson Jr. FOIA") to HUD seeking access to the following records:

(1) Records related to plans or schedules for Secretary Carson's July 2017 trip to Baltimore, including itineraries or draft itineraries for Ben "B.J." Carson, Jr. or any employee of Interprise Partners, LLC attending events included in that trip.

(2) All visitor logs reflecting Ben "B.J." Carson, Jr. entering any HUD office building.

(3) All records reflecting communications (including emails and telephone logs) between Ben "B.J." Carson Jr. or any employee of Interprise Partners, LLC (interprisepartners.com) and any of the following:

- Secretary Carson
- Lacena "Candy" Carson
- Lynne Patton, Regional Administrator for Region II
- Janet Golrick, Acting Deputy Secretary
- Sheila Greenwood, Chief of Staff
- David Eagles, Chief Operations Office

- Deana Bass, Deputy Chief of Staff
- Hunter Kurtz, Deputy Chief of Staff
- Adolfo Marzol, Senior Advisor to the Secretary
- Keith Surber, Chief Procurement Officer
- Henry Hensley, Director, Office of Strategic Planning and Management
- the Assistant Secretary for Community Planning and Development
- the Principal Deputy Assistant Secretary for Community Planning and Development
- the General Deputy Assistant Secretary for Community Planning and Development
- the Deputy Assistant Secretary for Economic Development
- the Assistant Secretary for Policy Development and Research
- the General Deputy Assistant Secretary for Policy Development and Research
- the Assistant Secretary for Fair Housing and Equal Opportunity
- the General Counsel
- the Principal Deputy General Counsel
- the Assistant Secretary for Housing
- the Deputy Assistant Secretary for Healthcare Programs
- the Deputy Assistant Secretary for Risk Management and Regulatory Affairs
- the Deputy Assistant Secretary for Housing Operations

(4) All calendar entries reflecting meetings between Ben "B.J." Carson Jr. or any employee of Interprise Partners, LLC (interprisepartners.com) and any of the following:

- Secretary Carson
- Lacena "Candy" Carson
- Lynne Patton, Regional Administrator for Region II
- Janet Golrick, Acting Deputy Secretary
- Sheila Greenwood, Chief of Staff
- David Eagles, Chief Operations Office
- Deana Bass, Deputy Chief of Staff
- Hunter Kurtz, Deputy Chief of Staff
- Adolfo Marzol, Senior Advisor to the Secretary
- Keith Surber, Chief Procurement Office
- Henry Hensley, Director, Office of Strategic Planning and Management
- the Assistant Secretary for Community Planning and Development
- the Principal Deputy Assistant Secretary for Community Planning and Development
- the General Deputy Assistant Secretary for Community Planning and Development
- the Deputy Assistant Secretary for Economic Development

- the Assistant Secretary for Policy Development and Research
- the General Deputy Assistant Secretary for Policy Development and Research
- the Assistant Secretary for Fair Housing and Equal Opportunity
- the General Counsel
- the Principal Deputy General Counsel
- the Assistant Secretary for Housing
- the Deputy Assistant Secretary for Healthcare Programs
- the Deputy Assistant Secretary for Risk Management and Regulatory Affairs
- the Deputy Assistant Secretary for Housing Operations

For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business. This request encompasses meetings Mr. Carson Jr. or any employee of Interprise Partners actually attended, as well as all meetings to which they were invited.

(5) If Mr. Carson Jr. maintains an office at HUD, any agency records contained in that office. If Mr. Carson Jr. uses or has access to a desk at HUD (but not an office), any agency records on or in that desk. If Mr. Carson Jr. uses or has access to any HUD filing cabinets, any agency records contained in those filing cabinets.

(6) Records sufficient to show the number of HUD email accounts and the number of HUD phone numbers associated with Ben "B.J." Carson, Jr.

The request sought records from March 2, 2017, to the date of the search.

*Agency Responses*

12. HUD assigned the Carson Decision Memoranda FOIA request the tracking number 17-FI-HQ-01463 by email dated June 28, 2017.

13. HUD assigned the FOIA Policies FOIA request the tracking number FI-HQ-17-01560 by email dated July 14, 2017 and sent an acknowledgement letter dated July 20, 2017.

14. On July 26, 2017, American Oversight and HUD staff discussed the FOIA Policies FOIA and agreed to an initial search that would permit HUD to produce an interim response based on searches of a subset of custodians by the end of August 2017.

15. In September 2017, HUD staff emailed American Oversight to indicate that HUD continued to work on the interim production discussed in July. American Oversight has not received an interim or final response to the FOIA Policies FOIA.

16. HUD assigned the Fred Trump III FOIA request the tracking number FI-HQ-17-01561 by email dated July 14, 2017 and sent an acknowledgement letter dated July 20, 2017.

17. On September 30, 2017, HUD advised American Oversight by email that HUD utilizes an outside contractor to manage its e-discovery system and that the contractor had informed HUD that an initial record pull for the Fred Trump III FOIA would not be run, and HUD staff would not have access to a set of files to which to apply search terms, until February 2018.

18. HUD assigned the Ben Carson Jr. FOIA request the tracking number FI-HQ-17-01826 by email dated August 25, 2017 and sent an acknowledgement letter dated August 28, 2017.

19. On September 30, 2017, HUD advised American Oversight by email that two record pulls would be conducted for the Ben Carson Jr. FOIA request but that the first would not be run, and HUD staff would not have access to a set of files to which to apply search terms, until at least November 21, 2017, and the second record pull would not be conducted until February 2018.

20. American Oversight has received no further communication from HUD regarding the processing of its FOIA requests.

*Exhaustion of Administrative Remedies*

21. HUD has not made determinations regarding American Oversight's FOIA requests described in Paragraphs 8-11, notwithstanding the obligation of the agency under FOIA to make a determination within twenty working days.

22. Through HUD's failure to make a determination as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Records Responsive to the Carson Decision Memoranda, FOIA Policies, Fred Trump III, and Ben Carson Jr. FOIA Requests**

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendant.

25. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

26. Defendant has failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's Carson Decision Memoranda, FOIA Policies, Fred Trump III, and Ben Carson Jr. FOIA requests.

27. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

28. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive

to American Oversight's Carson Decision Memoranda, FOIA Policies, Fred Trump III, and Ben Carson Jr. FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records Responsive to Carson Decision Memoranda, FOIA Policies, Fred Trump III, and Ben Carson Jr. FOIA Requests**

29. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. American Oversight properly requested records within the possession, custody, and control of Defendant.

31. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

32. Defendant is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its Carson Decision Memoranda, FOIA Policies, Fred Trump III, and Ben Carson Jr. FOIA requests.

33. Defendant's failure to provide all responsive records violates FOIA.

34. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its Carson Decision Memoranda, FOIA Policies, Fred Trump III, and Ben Carson Jr. FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's Carson Decision Memoranda FOIA request submitted to HUD on June 28, 2017, its FOIA Policies and Fred Trump III FOIA requests submitted to HUD on July 14, 2017, and its Ben Carson Jr. FOIA request submitted to HUD on August 25, 2017;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 10, 2017

Respectfully submitted,

*/s/ Elizabeth France*__
Elizabeth France
D.C. Bar No. 999851
Cerissa Cafasso
D.C. Bar No. 1011003
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005

(202) 869-5246
beth.france@americanoversight.org
cerissa.cafasso@americanoversight.org
*Counsel for Plaintiff*